aEE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALYVIA CHRISTIAN, individually and )
on behalf of all others similarly situated, )
)
      Plaintiff, )
)
v. ) No. 11 C 7584
)
NATIONAL LINK, INC., )
)
      Defendant. )

## OPINION AND ORDER

This lawsuit was filed on October 25, 2011. In her Complaint, plaintiff Alyvia Christian alleges that an ATM operated by defendant National Link, Inc. charged a $3.00 fee despite not having the required fee notice posted on the body of the ATM in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693b(d)(3), and implementing regulation 12 C.F.R. § 205.16.[1] Plaintiff allegedly conducted her transaction on March 9, 2011. Plaintiff seeks to represent

---

[1] The statute and regulation require that, in order to charge a fee, a notice must be posted on the ATM itself and notice must also be provided on-screen when conducting the transaction. There is no contention that the on-screen notice was missing, only that the on-machine notice was missing.

a class apparently consisting of all persons who (a) used the ATM one year prior to the filing of this action or later, (b) when no exterior fee notice was posted, and (c) were charged a fee. No class certification motion has yet been filed.

On a privilege log, plaintiff has disclosed that she has photographs of the ATM taken on January 17, 2011, April 22, 2011, June 6, 2011, July 5, 2011, August 8, 2011, August 14, 2011, October 15, 2011, and November 30, 2011. She also has purported "certifications" from the two people who took these photographs, except that no certification references the August 8 or November 30 photographs. At least as to the photographs that predate the filing of this lawsuit, plaintiff has informed defendant that the photographs support that no fee notice was posted on the particular dates. Plaintiff contends the photographs and certifications are work product prepared in anticipation[2] of litigation. Plaintiff contends the certifications/photographs need not be produced unless plaintiff shows a substantial need for them. See Fed. R. Civ. P. 26(b)(3)(A)(ii).[3] Plaintiff

---

[2]The November 30 photographs were taken after the lawsuit was filed so they are contended to be work product produced in preparation for trial, not in anticipation of litigation.

[3]Plaintiff also weakly invokes that the documents need not be disclosed at all because they show attorney mental impressions. See Fed. R. Civ. P. 26(b)(3)(B). The documents have been provided *in camera*. Neither the photographs nor certifications contain mental impressions or disclose legal

is willing to produce all of them, but only after pertinent defendant witnesses are deposed.

The photographs and related certifications are work product. *Turner v. Summit Treestands, LLC*, 2011 WL 6029466 *6 (C.D. Ill. Dec. 5, 2011). *Cf. Hummer v. BNSF Ry. Co.*, 2006 WL 3523752 *1 (C.D. Ill. Dec 06, 2006) (surveillance videotape). Disclosure should only be required if there is a substantial need. Fed. R. Civ. P. 26(b)(3)(A)(ii).[4] A substantial need is adequately shown. It is too late for plaintiff to obtain photographs covering the same days as the ones taken for plaintiff. Plaintiff contends her photographs are not needed because the principal issue in this case will be the affirmative defense of whether any notice was removed by vandals and these photographs will not aid in this defense. Plaintiff, though, ignores that she is pursuing a class action so it is pertinent to know the possible time period that there was no notice. Also, knowing when the notice possibly disappeared could be helpful in narrowing dates for possible vandalism. Additionally, contrary to plaintiff's contention, defendant has not admitted that the notice was missing when plaintiff used the ATM in

---

theories.

[4]Plaintiff does not contend defendant fails to satisfy the requirement that the material be otherwise discoverable. *See* Fed. R. Civ. P. 26(b)(3)(A)(i).

March 2011. In response to requests to admit, defendant only indicates that plaintiff could personally testify that it was missing on that date. There is a sufficient showing of substantial need. *Cf.* ***Estridge v. Target Corp.***, 2012 WL 527051 *5 (S.D. Fla. Feb. 16, 2012) (quoting ***Reedy v. Lull Eng'g Co.***, 137 F.R.D. 405, 407 (M.D. Fla. 1991)) ("Courts have generally allowed discovery of photographs and diagrams which were made at the time of the accident because of the inherent inability of a party to reproduce these materials."); ***Perry v. NCL (Bahamas) Ltd.***, 2011 WL 6153130 *2 (S.D. Fla. Dec. 12, 2011) (undue hardship satisfied when photographs are not otherwise available). Plaintiff will be required to disclose the photographs and the certifications that authenticate the photographs.

The other issue is the timing of the disclosures. Plaintiff contends she would be unduly prejudiced if required to disclose these documents before deposing the person who serviced the ATM and other defendant employees, because the deponents would be able to alter their testimony in light of the photographs. Plaintiff points to the fact that defendant has already changed prior responses concerning when its service person placed a new notice on the ATM and how he gets copies of notices. But there is no evidence that this was done in

an underhanded manner nor that changing the date or method of delivery particularly favors defendant other than to make it two days earlier. There is no good reason to delay disclosure. Moreover, delay in making disclosures could create additional costs of redeposing the deponents or necessitating supplemental interrogatories or statements. Disclosure will not be delayed.

If plaintiff continues to pursue a class action, she must promptly move for class certification.

IT IS THEREFORE ORDERED that defendant's motion to compel [37] is granted. Within 7 days, plaintiff shall produce the photographs and certifications. All discovery is to be completed by November 27, 2012. Status hearing is set for November 29, 2012 at 2:00 p.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 18, 2012